UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR614-004 |
| | ) | |
| KATRINA BEASLEY, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

The Court is unable to proceed further with review of defendant Katrina Beasley's motion to recommend community corrections center (CCC) placement, because of several filing deficiencies. *See* doc. 97 (Clerk's deficiency notice, served on September 12, 2016). Beasley failed to sign her motion, in violation of Fed. R. Civ. P. 11(a) and Local Rule 11.1, or submit a certificate of service (or explanation for why service was not required) in violation of Fed. R. Civ. P. 5(a) and Local Rule 5.1. And despite being notified of these defects, she did not file an amended motion or otherwise correct her motion's deficiencies. Procedurally, therefore, it is deficient and may be dismissed upon this ground alone. *See* doc. 97 (warning Beasley that if she failed to comply within 14 days her motion would be subject to sanctions up to and

including dismissal). However, her motion also fails on the merits.

Guilty-plea convicted of wire fraud conspiracy and aggravated identity theft, Beasley was sentenced to 104 months' imprisonment. Docs. 87 & 90. Though seven years shy of her 2023 projected release date, she asks the Court to preemptively enter an order recommending "that the Bureau of Prisons [BOP] allow [her] to serve her last 12 months of her sentence in a [CCC]" based upon her good behavior and self-improvement. Doc. 96 at 1. She explains that serving her last 12 months in a CCC would provide her with the opportunity to better "re-enter into society" and the workforce, become "re-acquainted" with her children, and provide for her daughter who has special needs. *Id.* She does not, however, provide the Court with any authority to take such a measure -- even one as noncommittal as "making a recommendation" to the BOP on where to confine her. *Id.*

The BOP is vested by statute with authority to designate the place of a federal prisoner's confinement. 18 U.S.C. § 3621(b).[1] While a

---

[1] Specifically, the BOP

> may designate any available penal or correctional facility . . . [that the BOP] determines to be appropriate and suitable, considering --
>
> (1) the resources of the facility contemplated;

2

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence -

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to [28 U.S.C. § 994(a)(2) ].

18 U.S.C. § 3621(b). *See also Cohen v. United States*, 151 F.3d 1338, 1344 (11th Cir. 1998). The BOP

> shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."

18 U.S.C. § 3624(c)(1). Such conditions may include confinement in a community correctional center ("CCC") (more commonly known as "halfway houses"). *See* 18 U.S.C. § 3624(c)(1); 28 C.F.R. §§ 570.20(a), 570.21(a); *Garza v. Davis*, 596 F.3d 1198, 1201 n. 3 (10th Cir. 2010).

Inmates are to be considered for pre-release community confinement under § 3624(c) "in a manner consistent with 18 U.S.C. [§] 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community. . . ." 28 C.F.R. § 570.22; *see also* 18 U.S.C. § 3624(c)(6). In P.S. 7310.04, the BOP has established procedures and criteria for referring inmates to CCCs. It directs the staff to "make recommendations for CCC placements based on assessments of inmate needs for services, public safety, and the necessity of the Bureau to manage its inmate population responsibly." P.S. 7310.04, ¶ 9(a). The Program Statement notes that, "[o]rdinarily, inmates with shorter sentences do not require maximum CCC placement due to reduced transition needs." *Id.* The Program Statement also contains "referral guidelines" that include the following:

(1) An inmate may be referred up to 180 days, with placement beyond 180 days highly unusual, and only possible with extraordinary justification.

(2) The ultimate goal is to maximize each eligible inmate's chances for successful release and a law-abiding life.

(3) When an inmate has a history of escape or failure in one or more CC Programs, careful review and consideration should be given regarding the

sentencing court may recommend a particular place of incarceration, "a district court has no power to dictate or impose any place of confinement for the imprisonment portion of the sentence." *United States v. Serafini*, 233 F.3d 758, 778 n. 23 (3d Cir. 2000). And nowhere in the statutes is there an avenue for a court, post-sentencing, to recommend a particular place of incarceration. The BOP has discretion to decide how to classify Beasley and choose the institution in which to place her, *see Cohen v. United States*, 151 F.3d 1338, 1344 (11th Cir. 1998), and the Court does not have post-sentencing authority to make any sort of recommendation to the BOP on whether or not to consider Beasley for pre-release CCC confinement.

While it is clear that she has made great personal strides in accepting responsibility for her actions (by testifying for the Government) and for her life (by advancing her education, maintaining a job while incarcerated, and being an exemplary inmate), *see* doc. 96-1,

---

suitability of participation and the length of placement.
(4) Inmates with minor medical conditions or disabilities may also be considered for community placement . . . .
(5) Inmates who have been approved for CCC referral and are otherwise appropriate for camp placement shall be transferred to a camp for intermediate placement . . . .

P.S. 7310.04 at 9 of 30.

this Court simply cannot now intervene and advise the BOP on how her sentence should be carried out.

Katrina Beasley's motion to recommend community corrections center placement (doc. 96) is therefore **DENIED**.

**SO ORDERED,** this  3rd  day of January, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA